UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Amiri Abdul Rasheed-El,

          Plaintiff,

vs.                            REPORT AND RECOMMENDATION

Lynn Dingle and Jerome
Wilhelmy,

          Defendants.       Civ. No. 04-697 (DSD/RLE)

* * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Defendants' Motion for Summary Judgment. The Plaintiff appears pro se, and the Defendant appears by Jennifer A. Service, Assistant Minnesota Attorney General. For reasons which follow, we recommend that the Defendants' Motion be granted, and the case be dismissed with prejudice.

## II. Facts and Procedural Background

The Plaintiff, who is presently incarcerated at the Minnesota Correctional

Facility located in Oak Park Heights, Minnesota ("MCF-OPH"), commenced this action contending that the Defendants wrongfully found him guilty of a conspiracy to smuggle contraband into MCF-OPH, and placed him into segregation. See, Complaint, at Section IV, Docket No.1.

The evidence submitted by the Defendants reveals that the Defendant Jerome Wilhelmy ("Wilhelmy") had been monitoring telephone calls between the Plaintiff, and his mother, for approximately two months prior to December 3, 2003. Youngquist Aff., at Exh. A, Docket No. 22. Wilhelmy reported that "it was apparent that [the Plaintiff] and his mother * * * were conspiring to smuggle illegal narcotics into [MCF-OPH]." Id. Dan Michener of the Minnesota Gang Strike Force was contacted, and an investigation was started. Id. On December 3, 2003, a Search Warrant was executed at the residence of the Plaintiff's mother, which resulted in the discovery of three (3) ounces of Marijuana, one half (½) of an ounce of Crack Cocaine, and a loaded .38 caliber gun. Id. During the search, the Plaintiff's mother advised Wilhelmy "that she was aware that [the Plaintiff] was smuggling drugs into [Minnesota Correctional Facility, in Stillwater] and MCF-OPH * * * [and] stated that she wanted [the Plaintiff] to stop." Id. Photographs of the seized narcotics were placed in the MCF-OPH evidence room. Id.

The Plaintiff was subsequently charged in a prison disciplinary procedure with conspiring to smuggle and to possess drugs, to which he pled not guilty. <u>Id.</u>, at Exh. A and B. A Hearing was conducted before a Hearing Officer on December 9, 2003, at which, testimony was taken from the Plaintiff and Wilhelmy. <u>Id.</u>, at Exh. B. Based on the testimony, and a review of the investigation notes, the Hearing Officer found the Plaintiff guilty of conspiracy to smuggle drugs into the correctional facility, and imposed a penalty of one hundred and eighty (180) days in segregation. <u>Id.</u>

Immediately following the Hearing, the Plaintiff transmitted an "Offender Kite Form" to the Defendant Lynn Dingle ("Dingle"), who is the Warden of MCF-OPH, in which he asserted, "I was guilty before I sat down[,]" and that he had never actually smuggled anything into any facility. <u>Id.</u> The Plaintiff asserted that he had "never told anyone anything about bringing any drugs into <u>No</u>! facility." <u>Id.</u> [emphasis in original]. The Plaintiff maintained that Wilhelmy had lied in claiming that his mother had informed Wilhelmy of the Plaintiff's attempts to smuggle drugs, and her desire that he stop. <u>Id.</u> The Plaintiff also claimed that the gun seized at his mother's house belonged to his great-grandmother, and that she had "her papers for it and all." <u>Id.</u> The Plaintiff noted that he would appeal the Hearing Officer's finding of guilt as soon as he received a copy of the Hearing Report. <u>Id.</u> Dingle responded by advising the

Plaintiff of the limited nature of review on appeal, and by informing the Plaintiff that she would review his appeal upon receipt. Id.

On December 12, 2003, the Plaintiff filed an appeal of the Hearing Officer's decision, in which he claimed that Wilhelmy had lied during the Hearing, and that his mother had not informed Wilhelmy that the Plaintiff was smuggling drugs into MCF-OPH. Id. The Plaintiff also claimed that the Hearing Officer was not impartial. Id. On December 23, 2003, Dingle denied the Plaintiff's appeal. Id. Dingle deferred to the credibility determination of the Hearing Officer, and concluded that the Plaintiff had produced no evidence which showed that the Hearing Officer was not impartial. Id.

On February 9, 2004, the Plaintiff filed the present Complaint, which asserts the following claims:

> 1) On December 4, 2003[,] I was taken to segregation of [sic] conspiracy to smuggle contraband. I was innocent of the charges, so I went to a hearing on December 9, 2003 and was found guilty of Conspired Possession of Drugs and Conspired Smuggling.
>
> 2) Mr. Wilhelmy stated in his report and at the Hearing that my mother Mary Ann Riley told him that she was aware of me smuggling drugs into the prison and had wanted me to stop. Mr. Wilhelmy lied in his report on my report and at the Hearing to get a conviction.
>
> 3) I appealed the Hearing Officer's decision of guilt to

>the warden and I filled out a grievance and was denied. The grievance didn't/don't [sic] apply to Hearings. I appointed [sic] her (the Warden) evidence of my innocence and she choose [sic] to overlook it.

Complaint, at Section IV.

The Plaintiff seeks damages for his "psychological difficulties, suffering, and false imprisonment[,]" and requests that he be transferred out of State prison, so he "can stop being harassed by the Minnesota Prison System." Id., at Section V.

### III. Discussion

A. Standard of Review. Summary Judgment is not an acceptable means of resolving triable issues, nor is it a disfavored procedural shortcut when there are no issues which require the unique proficiencies of a Jury in weighing the evidence, and in rendering credibility determinations. See, Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). Summary Judgment is appropriate when we have viewed the facts, and the inferences drawn from those facts, in a light most favorable to the nonmoving party, and we have found no triable issue. See, Luigino's, Inc. v. Peterson, 307 F.3d 909, 911 (8th Cir. 2003); Duffy v. McPhillips, 276 F.3d 988, 991(8th Cir. 2002); Schoolhouse Inc. v. Anderson, 275 F.3d 726, 728 (8th Cir. 2002); Krentz v. Robertson Fire Protection Dist., 228 F.3d 897, 901 (8th Cir. 2000).

For these purposes, a disputed fact is "material," if it must inevitably be

resolved and the resolution will determine the outcome of the case, while a dispute is "genuine," if the evidence is such that a reasonable Jury could return a Verdict for the non-moving party.  See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Herring v. Canada Life Assurance, 207 F.3d 1026, 1028 (8th Cir. 2000); Austin v. Minnesota Mining and Manuf. Co., 193 F.3d 992, 995 (8th Cir. 1999); Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998); Peter v. Wedl, 155 F.3d 992, 996 (8th Cir. 1998).

As Rule 56(e) makes clear, once the moving party files a properly supported Motion, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute.  In sustaining that burden, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure; see also, Anderson v. Liberty Lobby, Inc., supra at 256; Allen v. Entergy Corp., 181 F.3d 902, 904 (8th Cir. 1999); Jaurequi v. Carter Manufacturing Co., 173 F.3d 1076, 1085 (8th Cir. 1999).  Moreover, the movant is entitled to Summary Judgment where the nonmoving party has failed "to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, supra at 322; see also, Hammond v.

Northland Counseling Center, Inc., 218 F.3d 886, 891 (8th Cir. 2000); Greer v. Schoop, 141 F.3d 824, 826 (8th Cir. 1998). No genuine issue of fact exists in such a case because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, supra at 323; see also, Bell Lumber and Pole Co. v. United States Fire Ins. Co., 60 F.3d 437, 441 (8th Cir. 1995); McLaughlin v. Esselte Pendaflex Corp., 50 F.3d 507, 510 (8th Cir. 1995); Settle v. Ross, 992 F.3d 162, 163 (8th Cir. 1993).

B. Legal Analysis. The Defendants contend that they are entitled to Summary Judgment on the Plaintiff's Complaint because: 1) the Plaintiff's official capacity claim for damages is barred by the Eleventh Amendment; and 2) the Defendants are entitled to qualified immunity. We address each of these assertions, in turn.

1. The Eleventh Amendment. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." United States Constitution, Amendment XI. For over a century, the Amendment has been understood to stand for the proposition that a non-consenting State is immune from

Federal Court suits by its own citizens, as well as by citizens of another State. See, Kimel v. Florida Board of Regents, 528 U.S. 62, 72 (2000); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1, 15 (1890)(such suits were "not contemplated by the constitution when establishing the judicial power of the United States").

In effect, the Eleventh Amendment immunizes from suit a "state agency or official * * * if immunity will 'protect the state treasury from liability that would have had essentially the same practical consequences as a judgment against the State itself.'" Hadley v. North Arkansas Community Technical College, 76 F.3d 1437, 1438 (8th Cir. 1996), quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 123 n. 34 (1984); see also, Regents of the University of California v. Doe, 519 U.S. 425 (1997); Edelman v. Jordan, 415 U.S. 651 (1974); Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945), overruled on other grounds, Lapides v. Board of Regents of University System of Georgia, 535 U.S. 613, 614-15 (2002).

Over the years, the Supreme Court has fashioned a patchwork of exceptions to the Eleventh Amendment's limitation on Federal Court jurisdiction, as that doctrine was initially expressed in Hans v. Louisiana, supra. Under the doctrine of Ex parte Young, 209 U.S. 123 (1908), a Federal Court retains jurisdiction, notwithstanding the

Eleventh Amendment, to direct State officials to conform their practices to the requirements of Federal law, even though such an injunction might have collateral effects upon a State Treasury.[1] See, Edelman v. Jordan, supra at 667-68; Milliken v. Bradley, 433 U.S. 267, 289 (1977). However, such an exercise of jurisdiction does not extend to the award of retroactive relief, which requires the payment of funds from the State Treasury. See, Edelman v. Jordan, supra at 667-68. Thus, the Eleventh Amendment bars actions, in Federal Court, which seek monetary damages from individual State Officers, in their official capacities, as well as State Agencies, because such lawsuits are essentially "for the recovery of money from the state." Ford Motor Co. v. Department of the Treasury, supra 464; see also, Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)("[N]either a State nor its officials acting in their official capacities are 'persons' under §1983" when sued for damages.).

MCF-OPH is operated under the auspices of the Minnesota Department of Corrections ("DOC"), a subdivision of the State of Minnesota. The Defendants are both employees of the DOC and are thus entitled to Eleventh Amendment immunity

---

[1] In Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 126 (1984), the Court held that pendent State law claims, for even prospective injunctive relief, were barred by the Eleventh Amendment and, to that extent, the doctrine in Ex parte Young was substantially narrowed.

because they are officials employed by the State. See, <u>Hadley v. North Arkansas Community and Technical College</u>, supra at 1438(finding that a State agency or its officials may invoke Eleventh Amendment immunity, if the practical result of a suit would result in a Judgment against the State itself); see also, <u>Hafer v. Melo</u>, 502 U.S. 21, 25-26 (1991); <u>Will v. Michigan Dep't of State Police</u>, supra at 71("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). The remedies being sought by the Plaintiff in this action include both injunctive relief, as well as money damages. Therefore, since the Plaintiff has not identified any explicit waiver of sovereign immunity, the Plaintiff's claim for damages against the Defendants, in their official capacities, is precluded by the Eleventh Amendment.

   2. <u>Qualified Immunity</u>. Government officials, who are performing discretionary functions, are generally shielded from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. See, <u>Wilson v. Layne</u>, 526 U.S. 603, 609 (1999); <u>Young v. Harrison</u>, 284 F.3d 863, 866 (8th Cir. 2002); <u>Winters v. Adams</u>, 254 F.3d 758, 766 (8th Cir. 2001). "To withstand a claim of qualified immunity at the summary judgment stage, a plaintiff must assert a violation of constitutional or

statutory right; that right must have been clearly established at the time of the violation; and given the facts most favorable to the plaintiff, there must be no genuine issue of material fact as to whether a reasonable officer would have known that alleged action indeed violated that right." Mettler v. Whitledge, 165 F.3d 1197, 1202 (8th Cir. 1999); see also, Young v. Harrison, supra at 866-67.

"[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action, assessed in the light of the legal rules that were 'clearly established' at the time it was taken." Wilson v. Layne, supra at 614. The contours of the constitutional right at issue "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right," but "[t]his is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in light of pre-existing law, the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 641 (1987). Thus, "[t]he doctrine 'gives ample room for mistaken judgments but does not protect the plainly incompetent or those who knowingly violate the law.'" Bagby v. Brondhaver, 98 F.3d 1096, 1098 (8th Cir. 1996).

As an initial matter, the Plaintiff's Complaint does not identify the basis for his

constitutional claim. The Defendants, however, have assumed that he most likely intended to allege a violation of his rights under the Due Process clause of the Fourteenth Amendment. We agree with this assessment and, construing the Complaint liberally, we find that the Plaintiff intended to state a due process claim. See, Bracken v. Dormire, 247 F.3d 699, 703-04 (8th Cir. 2001)(acknowledging longstanding Eighth Circuit practice to construe pro se pleadings liberally). Therefore, construing the facts in a light most favorable to the Plaintiff, we must determine whether the Plaintiff has demonstrated that the alleged conduct of the Defendants violated any clearly established rights, and if so, whether there is a genuine dispute as to whether the Defendants knew that their alleged conduct would have violated the Plaintiff's rights. If the Plaintiff is unable to satisfy his burden, the Defendants are entitled to Judgment as a matter of law.

In a prison disciplinary setting, due process requires that an inmate receive: 1) advance written notice of the charges against him; 2) an opportunity to defend against those charges; and 3) a written statement from the fact finder as to the evidence relied upon and the reason for the disciplinary action taken. Superintendent v. Hill, 472 U.S. 445, 454 (1985), citing Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974); Ragan v. Lynch, 113 F.3d 875, 876 (8th Cir. 1997). A reviewing Court will not reassess the

credibility of witnesses or reweigh the evidence. Gomez v. Graves, 323 F.3d 610, 612 (8th Cir. 2003). Rather, a reviewing Court's only inquiry is whether there is some evidence to support the sanction. Id.

In this matter, the Plaintiff has not alleged that the Defendants failed to provide him with written notice of the charges against him, an opportunity to contest those charges, or a written decision setting forth the reasons and evidence upon which the decision was based, and, in fact, the Record clearly demonstrates that the Plaintiff did receive such protections. Instead, the Plaintiff asserts that Wilhelmy lied during the disciplinary hearing. The Plaintiff provides no evidence to support his claim and, in any event, the Plaintiff's claim still fails to cross the constitutional threshold, since even the possibility that the Plaintiff may have been innocent of the charges does not raise a due process issue.[2] Ricker v. Leapley, 25 F.3d 1406, 1410 (8th Cir. 1994); McRae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983)("The constitution demands due process, not error-free decision-making."). Since the Plaintiff has not alleged that the

---

[2]Based on the evidence adduced in this matter, we do not believe that the Plaintiff has raised a genuine issue of material fact that Wilhelmy, in fact, lied during Plaintiff's Discipline Hearing. Rather, we are of the opinion that Plaintiff has failed to satisfy his burden "to set forth specific facts showing that there is a genuine issue for trial." Rule 56(e), Federal Rules of Civil Procedure.

Defendants violated a clearly established right, the Defendants are entitled to judgment as a matter of law.[3]

Having found that the Plaintiff's claim for damages against the Defendants, in their official capacities, is barred by the Eleventh Amendment, and that the Defendants are entitled to qualified immunity as to the remaining claims, we recommend that the Defendant's Motion for Summary Judgment be granted, and that the Plaintiff's Complaint be dismissed with prejudice.

NOW, THEREFORE, It is - -

---

[3] Since we conclude that the Plaintiff has failed to establish a viable Constitutional claim, we also recommend that Summary Judgment with respect to his claims for injunctive relief; that is, his request to be transferred outside of the Minnesota State prison system should also be denied.

RECOMMENDED:

That the Defendants' Motion for Summary Judgment [Docket No. 20] be granted, and the Plaintiff's Complaint be dismissed, with prejudice.

Dated: August 15, 2005         *s/Raymond L. Erickson*
                               Raymond L. Erickson
                               UNITED STATES MAGISTRATE JUDGE

NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 1, 2005,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than September 1, 2005,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.